958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso VILLANUEVA-PADILLA, Defendant-Appellant.
 No. 91-50038.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfonso Villanueva-Padilla appeals his jury conviction for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841. He contends that the district court erred by limiting his cross-examination of Eloy Garcia, a government informant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's regulation of cross-examination for an abuse of discretion. United States v. Guthrie, 931 F.2d 565, 568 (9th Cir.1991). The sixth amendment right of confrontation guarantees a criminal defendant the opportunity to cross-examine an adverse witness to uncover biases and expose the witness's motives for testifying. Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986). Nonetheless, trial judges retain wide latitude to limit cross-examination due to concerns about such matters as confusion of the issues or repetitive or only marginally relevant interrogation. Id. at 679; United States v. Lopez, 885 F.2d 1428, 1438 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990). The confrontation clause is satisfied if cross-examination elicits sufficient information for the jury to appraise the witness's biases and motives. United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 4
 Villanueva-Padilla contends that the district court erred by limiting cross-examination about a state charge against Garcia and Garcia's finances. This contention lacks merit.
 
 
 5
 Garcia testified on direct examination that he was arrested and held in jail on a charge unrelated to his work as a government informant. While there, he met Villanueva-Padilla, who agreed to arrange a heroin sale. After their release, the two men spoke again and agreed that the sale would take place the next day. Garcia also testified on direct examination that he had worked as a government informant in a large number of cases since 1981.
 
 
 6
 On cross-examination, Garcia testified that he had no source of income outside his work as an informant and admitted that he had received $95,000 for informant work from the federal government alone. He also testified that to succeed as an informant, he needed to lie convincingly. The district court prohibited as irrelevant Garcia's answer to defense counsel's question about the nature of the charge against him when he met Villanueva-Padilla in jail. Garcia then testified that that case was complete, and that the federal agent for whom he worked had not assisted him in that case. He testified that he had approximately $1500 when he was released from jail but did not have a bank account. The district court then prohibited as irrelevant Garcia's answer to the question, "Did you have a bank account or some public place where you were storing money? Savings account? Checking account? Anything?" Defense counsel also attacked Garcia's credibility by comparing his testimony to an earlier written statement.
 
 
 7
 Villanueva-Padilla contends that if the jury had heard testimony that the charge against Garcia was serious, then the jury might have found incredible Garcia's testimony that the federal agent did not help him to obtain earlier release or a better resolution of the state case. Villanueva-Padilla also contends that testimony about a serious charge might have made the jury believe that Garcia had more need to curry favor with law enforcement authorities by acting as an informant against Villanueva-Padilla. Nonetheless, the jury already could have believed that even a minor charge would have added to Garcia's motivation to participate in this case. Accordingly, testimony about the nature of the charge was only marginally relevant. See Van Arsdall, 475 U.S. at 679; Lopez, 885 F.2d at 1438.
 
 
 8
 Villanueva-Padilla contends that additional cross-examination about Garcia's finances would have enabled the jury better to appraise Garcia's monetary motive for participating in the case. Defense counsel's question, however, addressed only Garcia's banking arrangements and therefore was repetitive. See Van Arsdall, 475 U.S. at 679; Lopez, 885 F.2d at 1438.
 
 
 9
 Because the jury already had sufficient information to appraise Garcia's motivation to lie so as to curry favor and earn money, the district court did not abuse its discretion by limiting cross-examination. See Guthrie, 931 F.2d at 568; Feldman, 788 F.2d at 554.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3